The Honorable Rick Green State Representative 1807 Bunker Hill Drive Van Buren, Arkansas 72956-2836
Dear Representative Green:
I am writing in response to your request for an opinion on the law regarding the imposition of state sales tax on "discounts" and "rebates" in connection with motor vehicle sales. Specifically, you state that you are in receipt of correspondence from the Assistant Commissioner of Revenues regarding the state sales tax charged to a particular constituent of yours on a new vehicle. You state that your constituent purchased a new vehicle, apparently late last year, and the dealer listed the "discount" on the transaction as a "rebate," and thereafter told your constituent that it could not change that status. Your constituent was charged state sales tax on the amount of the "rebate."
The Assistant Commissioner's correspondence, dated October 22, 2007 and enclosed with your request, concludes that state gross receipts taxes are chargeable on manufacturer's rebates and states that "As early as 1975, the Department of Finance and Administration (DFA) has responded to inquiries regarding this issue and has consistently understood state law to impose sales tax on the total purchase price of the vehicle with no deduction for the amount of manufacturer's rebates." He cites A.C.A. § 26-52-301(1), which imposes sales tax on the "gross proceeds" or "gross receipts" derived from the sale of tangible personal property, and notes that the terms "gross proceeds" or "gross receipts" are defined at A.C.A § 26-52-103(a)(7) to include the "total amount of consideration for the sale, whether in money or otherwise. . . ." He also references an applicable Department of Finance and Administration Rule and Regulation to this effect. As the Assistant *Page 2 
Commissioner also noted, legislation has been introduced on several occasions to specifically exempt manufacturer's rebates from sales tax, but such legislation has not become law. He notes that although there are no Arkansas appellate court decisions addressing the question, the highest courts of at least two other states (Missouri and Illinois), have addressed a similar question and reached a conclusion consistent with the Department's position. Finally, the Assistant Commissioner notes that neither the United States nor the Arkansas Constitutions contain any limitation in this regard.
You state that you "wish to receive an Attorney General's opinion to this scenario that explains our current law as it applies to `discounts' and `rebates' to the sale of vehicles and the collection of state sales taxes."
RESPONSE
Your request seeks my advisory opinion on an issue regarding application of state sales tax law. As my immediate predecessor noted in Op. Att'y Gen. 2006-068, in declining to address a similar question regarding gross receipts taxes charged on manufacturer's rebates, the Department of Finance and Administration, Revenue Division, is the appropriate authority to issue letter opinions on such questions.See Gross Receipts Tax Regulations GR-75(e) ("Opinions issued by any other agency, whether formal or informal, are not binding on the Department of Finance and Administration, Revenue Division."). I thus have no authority, through the issuance of an advisory opinion, to alter or affect the transaction or sales taxes paid by your constituent, or to make factual conclusions as to whether his transaction involved a "rebate" as opposed to a "discount."
As also noted in Op. Att'y Gen. 2006-068, the applicable gross receipt tax regulations, at Rule GR-12(B)(1)(c), pertaining to sale of motor vehicles, trailers and semitrailers, contains the following provision:
 The term "Gross Receipts" or "Gross Proceeds" means the total amount of consideration for the sale of the motor vehicle or trailer, whether the consideration is in money or otherwise and including any manufacturer's or dealer's rebates and federal luxury excise tax, without any deduction therefor on account of the cost of property sold, labor service, interest paid by the retailer, losses or any expenses whatsoever. Federal *Page 3 
manufacturer's excise taxes are not a part of the "Gross Receipts" or "Gross Proceeds" if the excise taxes are separately stated or separately billed to the consumer. The term "Gross Receipts" or "Gross Proceeds" includes the value of any property taken in lieu of or in addition to money as consideration for a sale.
(Emphasis added). See also, GR-3(C)(1).
As stated in Op. Att'y 2007-168, in reviewing the validity of any such rule, the following precepts will apply:
 In reviewing the validity of a rule or regulation, this court must give the regulation the same presumption of validity as it would a statute. McLane Co., Inc. v. Davis, 353 Ark. 539, 110 S.W.3d 251 (2003); Department of Human Servs. v. Berry, 297 Ark. 607, 764 S.W.2d 437 (1989). In reviewing the adoption of regulations by an agency under its informal rule-making procedures, a court is limited to considering whether the administrative action was arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law. Id. Specifically, it is well settled that "an agency has no right to promulgate a rule or regulation contrary to a statute[.]" McLane, 353 Ark. at 546, 110 S.W.3d at 256. See also McLane Co., Inc. v. Weiss, 332 Ark. 284, 965 S.W.2d 109 (1998); Pledger v. C.B. Form Co. 316 Ark. 22, 871 S.W.2d 333 (1994).
 Department of Human Services v. Howard, 367 Ark. 55, 62, ___ S.W.3d ___ (2006).
Id. at 8-9.
It has also been stated that "A court will not attempt to substitute its judgment for that of the administrative agency. [Citations omitted.] A rule is not invalid simply because it may work a hardship, create inconveniences, or because an evil intended to be regulated does not exist in a particular case." Arkansas Health Services Commission v.Regional Care Facilities, Inc., 351 Ark. 331, 338, 93 S.W.3d 672 (2002). *Page 4 
The Department of Finance and Administration has adopted a rule in connection with manufacturer's rebates on the purchase of new motor vehicles. I cannot state, in light of the applicable statutory definitions and case law cited by the Assistant Commissioner, that the rule is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."
I will note, however, with regard to any separate question regarding "discounts," that effective January 1, 2008, Arkansas law expressly excludes from the definition of "gross receipts" "gross proceeds" or "sales price" "a discount including cash, term, or a coupon that is not reimbursed by a third party and that is allowed by a seller and taken by a purchaser on a sale." A.C.A. § 26-52-103(13)(B)(i) (Supp. 2007). Again, I cannot, through the issuance of an advisory opinion, affect the sales taxes paid by your constituent. I hope that the foregoing is helpful to your understanding of the applicable law.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General